Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the

SOUTHERN District of FLORIDA

MIAMI Division

Case No. _____
(to be filled in by the Clerk's Office)

STEVEN A. McLEOD
_____
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

MARK INCH, Secretary FL DOC
_____
Defendant(s) (see attached)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

FILED BY _____ D.C.

JUL 23 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

COVERSHEET
(cont.)

Julie Jones
Thomas Reima
Centurion of Florida
J. Colon
M. Corrales
Dr. Mendoza
Dr. Gonzalez
Dr. Jaquara
ARNP Chatelier-Drew
Dr. Papillon
Michelle Schouest
T. Bowden

1A

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Steven A. McLeod
All other names by which you have been known:
ID Number: 924820
Current Institution: Dade C.I.
Address: 19000 S.W. 377th St.
Florida City, FL 33034

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name: Mark Inch
Job or Title *(if known)*: Secretary
Shield Number:
Employer: Fl. Dept. of Corrections
Address: 501 S. Calhoun St.
Tallahassee, FL FL 32399
[✓] Individual capacity [✓] Official capacity

Defendant No. 2
Name: Julie Jones
Job or Title *(if known)*: Former Secretary
Shield Number:
Employer: Fl. Dept. of Corrections
Address: 501 S. Calhoun St.
Tallahassee, FL FL 32399
[✓] Individual capacity [✓] Official capacity

Page 2 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
   Name: Thomas Reimer Do
   Job or Title (if known): Director of Medical Services
   Shield Number:
   Employer: Fl. Dept. of Corrections
   Address: 501 S. Calhoun Street
   City: Tallahassee  State: FL  Zip Code: 32399
   ☑ Individual capacity  ☑ Official capacity

Defendant No. 4
   Name: Centurion of Florida, Inc / Dade CT
   Job or Title (if known): 19000 S.W. 377th St, Florida City FL 33034
   Shield Number:
   Employer:
   Address:
   City:  State:  Zip Code:
   ☑ Individual capacity  ☑ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against (check all that apply):

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

## I-B DEFENDANTS
### (cont.)

**Defendant #5**
Name: J. Colon
Job or Title: Warden
Employer: Fl. Dept of Corrections - Dade C.I.
Address: 19000 S.W. 377th St.
Florida City, FL 33034
✓ Individual Capacity   ✓ Official Capacity

**Defendant #6**
Name: M. Corrales
Job or Title: Asst. Warden of Programs
Employer: Fla. Dept. of Corrections, Dade
Address: C.I., 19000 S.W. 377th St
Florida City, FL 33034
✓ Individual Capacity   ✓ Official Capacity

**Defendant #7**
Name: Dr. Mendoza
Job or Title: Psychiatrist
Employer: Centurion of Florida, Dade C.I.
Address: 19000 S.W. 377th St.
Florida City, FL 33034
✓ Individual Capacity   ✓ Official Capacity

**Defendant #8**
Name: Dr. Gonzalez
Job or Title: Director of Mental Health Unit
Employer: Centurion of Florida, Dade C.I.
Address: 19000 S.W. 377th St.
Florida City, FL 33034
✓ Individual Capacity   ✓ Official Capacity

3A

## I-B DEFENDANTS

**Defendant #9**
Name: Dr. Jaguara
Job or Title: Psychiatrist
Employer: Centurion of Florida, Dade
Address: C.I., 19000 S.W. 377th St.
Florida City, FL 33034
✓ Individual Capacity ✓ Official Capacity

**Defendant #10**
Name: l.AR NP Chadelier-Dreus
Job or Title: Nurse Practitioner
Employer: Centurion of Florida, Dade
Address: C.I., 19000 S.W. 377th St.
Florida City, FL 33034
✓ Individual Capacity ✓ Official Capacity

**Defendant #11**
Name: Dr. Papillon
Job or Title: Chief Health Officer
Employer: Centurion of Florida, Dade
Address: C.I., 19000 S.W. 377th St.
Florida City, FL 33034
✓ Individual Capacity ✓ Official Capacity

**Defendant #12**
Name: Michelle Schouest
Job or Title: Grievance Specialist
Employer/Address: Fl. Dept. of Corrections
501 S. Calhoun St.
Tallahassee, FL 32399
__ Individual Capacity ✓ Official Capacity

**Defendant #13**
Name: T. Bowdon
Job or Title: DOC Grievance Coor.
Employer: Fl. Dept. of Corr., 501
Address: S. Calhoun St, Tall 32399
✓ Individual Capacity ✓ Official Capacity

3B

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

See attached

Page 4 of 11

# STATEMENT OF FACTS

1. The Plaintiff began having panic attacks, flashbacks and nightmares in 1993 as repressed memories of childhood sexual abuse, which created a panic disorder and post-traumatic stress disorder and in the 1990's during a controlled study of Seroquel and Xanax and these medications when combined with psychotherapy all but cured the flashbacks and panic attacks.

2. The Plaintiff became incarcerated in September of 2000 and entered the Florida Dept. of Corrections (DOC) and those medications were stopped, so the Plaintiff's mental health progressively deteriorated until the Plaintiff had to go back on psychotropic medications in 2012.

3. The DOC signed contracts with private healthcare providers and developed a prescription medication formulary which determined who would pay for the medication costs by determining the medications would be paid for by the DOC for medications in the formulary and the private healthcare providers such as Defendant Centurion of Florida would pay for non-formulary medications, which created an unconstitutional environment.

4. The Plaintiff was initially was denied the Seroquel and Xanax while incarcerated at Tomoka C.I. between August of 2017 through April of 2018 and this denial was by Dr. Mendoza based on the unconstitutional formulary concept which based treatment protocols based on costs, and established denial of mental health medication, based on costs.

5. The Plaintiff ended up in SHOS (suicide watch) in August of 2017 twice in August of 2018, a Crisis Stabilization Unit from April of 2018 to July 13th, 2018 and again on SHOS from April 10, 2017 until April 20, 2019 and again at the Transitional Care Unit inpatient from April 17, 2019 to present at Dade C.I. in this district court's jurisdiction.

6. Based on unconstitutional formulary therapy basing the treatment medications solely on cost and to keep up Centurion of Florida's profit margin the Plaintiff was denied Seroquel (very expensive) and Xanax (possibly addictive) by the healthcare

4A

mental health providers. Defendants Centurion of Florida and Defendants Julie Jones and Thomas Reimer developed the unconstitutional formulary protocol and Dr. Mendoza, Dr. Gonzalez, Dr. Jaghave, ARNP Chatelier-Oveas all followed the protocol denying the Plaintiff the medications in actually applying the formulary protocol to the Plaintiff resulting in damage to the Plaintiff and failing to alleviate the Plaintiff's symptoms.

7. Warden J. Colon, Asst. Warden of Programs M. Corrales, Dr. Papillon, Michelle Schouet and T. Bowden participated in the constitutional violation by deciding informal, formal and appeals of grievances that would have stopped the ongoing constitutional violation.

8. The Plaintiff has been a "guinea pig" experimented on by the prescription of several medications, including but not limited to, Zoloft, Paxil, Prozac, Buspar, Mellaril, Trazadone, Haldol, Predisone, Abilify, Trilophon, Vistaril, Ephoxor and Tegretol and none of these medications have alleviated the Plaintiff's symptoms.

9. The Plaintiff has been damaged by increases in his panic attacks, flashbacks and nightmares and the panic attacks cause physical injury of palpitations, pounding heart or accelerated heart rate, chest pains, sweating, trembling or shaking, sensations of shortness of breath, or smothering, a feeling of choking, nausea or stomach distress, feeling dizzy, lightheaded and/or faint, numbing or tingling in his extremities, feeling of being detached from himself, fear of losing control or going crazy and fear of dying.

10. The Defendants constitutional violation(s) are below the evolving standards of decency of the community standard in the United States of America and the Plaintiff seeks an injunction, preliminary and permanent, to get his Seroquel and Xanax medications as well as, nominal, compensative and punitive monetary damages, as well as, court costs and litigation expenses.

4B

C. What date and approximate time did the events giving rise to your claim(s) occur?

See attached Statement of Claim

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See attached statement of Claim.

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. Palpitations, pounding heart and/or accelerated heart rate, sweating, trembling or shaking, sensations of shortness of breath or smothering, a feeling of choking, chest pain and/or discomfort, Nausea and/or abdominal distress, feeling dizzy, unsteady, lightened headed and/or faint, feelings of being detached from oneself, feeling of losing control or going crazy, fear of dying, numbness or tingling sensations, chill and hot flashes

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

1. Enter judgment, and jury trial
2. Enter a permanent and temporary injunction requiring DOC to continue and/or start Seroquel and Xanax.
3. Nominal, compensatory and punitive damages
4. Court costs, litigation expenses and/or attorney's fees
5. Any and all other relief deemed just and proper

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

- [✓] Yes
- [ ] No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

- [✓] Yes
- [ ] No

E. If you did file a grievance:

1. Where did you file the grievance? The grievance was initiated at Tomoka as a formal mental health grievance in 2017 and then again recently. The grievance was filed in Tomoka in 2017

2. What did you claim in your grievance? I claimed an entitlement to have the Seroquel and Xanax. See attached Log #19-04-463-112 and appeal Log #19-6-18542

3. What was the result, if any? Denied

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)* I appealed the denial of Seroquel in Grievance 17-6-47335 and the Xanax in Log # 17-6-47339. I also served a notice of intent to file suit to Dept. of Insurance, DOC and Centurion, pursuant to Fla. Stat. 768.28.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☑ Yes    I have three (3) strikes pursuant to Title 28 USC §1915(g)
☐ No     and I'm alleging the attached imminent danger of serious physical
         injury affidavit; See attachment of Page 8A +B

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

## STATEMENT OF IMMINENT DANGER OF SERIOUS PHYSICAL INJURY

I, Steven A. McLeod, have personal knowledge of the following facts and hereby swear or affirm the facts are true and correct under penalty of perjury and hereby state:

1. The Plaintiff began having panic attacks, flashback and nightmares in 1993 which created a panic disorder and post-traumatic stress disorder and in the early 1990's began taking Seroquel and Xanax for the PTSD and panic attacks and these medications, with therapy, all but cured the flashbacks and anxiety attacks, but these medications are not provided under the DOC medication formulary.

2. The Plaintiff had one (1) sister, Cyndy Pitcher, who also had a panic disorder and was prescribed Xanax to alleviate the symptoms.

3. The Plaintiff suffers from the physical symptoms of palpitations, pounding heart, or accelerated heart rate, sweating, trembling and/or shaking, sensation of shortness of breath or smothering, a feeling of choking, chest pain and/or discomfort, nausea or abdominal distress, feeling dizzy, lightheaded and/or faint, feeling of being detached from myself, fear of losing control or going crazy, fear of dying, numbing or tingling sensations and chills, and those symptoms have been found to create an imminent danger of serious physical injury for panic attacks. Ciarpalini v. Saini, 352 F.3d 328 (7th Cir. 2003), cited in Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004).

4. On September 14th, 2015, the Plaintiff's sister was 57 years old and was not feeling well and was suffering from severe panic attacks, causing her serious discomfort so she laid down in her bedroom in Brandon, Florida due to difficulty breathing and she had a massive heart attack and died.

5. The Plaintiff is 58 years old and is currently being treated at a mental health inpatient facility but is not receiving Xanax or Seroquel medications even though the Plaintiff is experiencing 8 or 9 flashbacks and 8 or 9 panic attacks each day and those symptoms are getting worse.

6. The Plaintiff has been in SHOS (suicide watch) three (3) times and Crisis Stablish Unit and Transitional Care Units twice since the summer of 2018 and the Plaintiff (who has had two (2) suicide attempts) has become severely

1 of 2

8A

Suicidal due to the intensity, duration and frequency of the flashbacks and anxiety attacks.

7. The Plaintiff has been tried on several medications to relieve the PTSD and panic attacks such as, Zoloft, Paxil, Prozac, Buspar, Mellaril, Trazadone, Haldol, Predisone, Abilify, Trilephon, Vistaril, and Tegretol, at least, with no relief from the symptoms.

8. The Plaintiff is in imminent danger of a serious physical injury because of the physical symptoms of the panic attacks, which also resulted in his sister's death, and the suicidal status at this time due to lack of relief from the symptoms.

DATED: 7/18/19

Steven A. McLeod, D.C. #924520

2 of 2
8B

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s)   N/A
   Defendant(s)   _____

2. Court *(if federal court, name the district; if state court, name the county and State)*
   _____

3. Docket or index number
   _____

4. Name of Judge assigned to your case
   _____

5. Approximate date of filing lawsuit
   _____

6. Is the case still pending?
   ☐ Yes
   ☐ No

   If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*
   _____
   _____

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment? Yes. I don't currently have these records and information available.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☑ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) ___Dont have Information___
   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

   _____

3. Docket or index number

   _____

4. Name of Judge assigned to your case

   _____

5. Approximate date of filing lawsuit

   _____

6. Is the case still pending?

   ☐ Yes
   ☑ No

   If no, give the approximate date of disposition _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

### IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

#### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 7/18/19

Signature of Plaintiff: [signed]
Printed Name of Plaintiff: Steven A. McLeod
Prison Identification #: D.C. #492482
Prison Address: Dade C.I., 19000 S.W. 377th St.
Florida City, FL 33034

#### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Address: _____
City _____ State _____ Zip Code _____
Telephone Number: _____
E-mail Address: _____

Page 11 of 11

