UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-23051-CV-GAYLES
MAGISTRATE JUDGE REID

STEVEN A. McLEOD,

    Plaintiff,

v.

MARK INCH, *et al.,*

    Defendants.

_____/

## REPORT OF MAGISTRATE JUDGE
## RE DISMISSAL OF COMPLAINT - 28 U.S.C. § 1915(g)

### I. Introduction

Plaintiff, **Steven A. McLeod,** a prolific[1] *pro se* filer, has returned to this court filing this latest civil rights complaint, pursuant to 42 U.S.C. § 1983, against Mark Inch and numerous Defendants employed at the Florida Department of Corrections ("FDOC") in Tallahassee, Florida and Dade Correctional Institution ("Dade CI") in Florida City, Florida, complaining that he is being denied Seroquel and Xanax,

---

[1] Pursuant to Fed. R. Evid. 201(b) and (c), this Court takes judicial notice of its records filed in this and other federal courts. *See United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)("A court may take judicial notice of its own records and the records of inferior courts."); *United States v. Jones,* 29 F.3d 1549, 1533 (11th Cir. 1994)(indicating that documents filed in another court may be judicially noticed)(*quoting Liberty Mut. Ins. Co. v. Rotches Park Packers, Inc.*, 969 F.2d 1384, 1388-89 (2d Cir. 1992)).

- 1 -

because they have been removed from the formulary as a cost-saving measure. [ECF 1, p. 8]. As discussed below, this case should be dismissed because Plaintiff is a "three-striker" under 28 U.S.C. § 1915(g) and has not prepaid the court's filing fee at the time of filing this lawsuit; and, he has not met the imminent danger exception to § 1915(g) in order to circumvent the three-strike bar.

This matter was referred to the undersigned for report and recommendations to the district court. *See* 28 U.S.C. § 636(b)(1)(B), (C), Fed. R. Civ. P. 72(b), S.D. Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2003-19.

While pleadings drafted by *pro se* litigants must be liberally construed, pursuant to *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the court may review the plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A. Since Plaintiff is a prisoner seeking redress against governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. § 1915A, which does not distinguish between *in forma pauperis* ("IFP") plaintiffs and non-IFP plaintiffs. *See* 28 U.S.C. §1915A; *Thompson v. Hicks,* 213 F. App'x 939, 942 (11th Cir. 2007)(*per curiam*).

## II. Standard of Review - §1915(g)

"In no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits or appeals." *See Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998)(internal citations omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status but is barred by the three strikes provision is to dismiss the complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). A three-striker cannot pay the filing fee after initiating suit as a retroactive cure. *Id.*

## III. Prior Filing History

A search of the United States Court's PACER (Public Access to Court Electronic Records) system has revealed that, as of this date, Plaintiff has filed a plethora of § 1983 actions, and has more than the required **three** prior qualifying predicates, which support the finding that he is and remains a three-striker, pursuant

to 28 U.S.C. § 1915(g). Pursuant to Fed. R. Evid. 201 and *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987), the Undersigned takes judicial notice of the following qualifying prior cases:

1. *McLeod v. Henderson, et al.,* U.S. Dist. Ct., M.D. of Fla. (Tampa), No. 8:98-cv-01534-EAK, (dismissing complaint for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2));

2. *McLeod v. Henderson, et al.,* 11th Cir. Court of Appeal, Case No. 98-3754-E (dismissing appeal as frivolous on November 10, 1999);

3. *McLeod v. Crist,* 11th Cir. Court of Appeal, Case No. 06-16127 (dismissing appeal of U.S. Dist. Ct., M.D. of Fla., Case No. 06-00989-CV-J-25MCR, as frivolous);

4. *McLeod v. U.S. Dep't of Justice, et al.*, U.S. Dist. Ct., D.C. Cir., Dist. of Columbia, No. 11-0958, 2011 WL 211247 (D.C. Cir. May 24, 2011)(dismissing complaint pursuant to § 1915A on finding the Plaintiff has not stated a claim upon which relief can be granted).

Given the prior filings, it is evident Plaintiff's complaint should be dismissed under the three-strikes provision of the PLRA. To the extent other filings by Plaintiff have been dismissed voluntarily or otherwise, they have not been considered for purposes of § 1915(g). *See Daker v. Comm'r, Georgia Dep't of* Corr's, 820 F.3d 1278 (11th Cir. 2016), *cert. den'd sub nom., Daker v. Bryson,* 137 S.Ct. 1227 (2017), *reh'g den'd,* 127 S.Ct. 2257 (2017). In *Daker,* the Eleventh Circuit made clear that only three specific grounds render a dismissal a strike for purposes of § 1915(g): "frivolous," "malicious," and "fails to state a claim upon which relief can be

granted." *Id.* The Eleventh Circuit reiterated that "neither 'lack of jurisdiction' nor 'want of prosecution' are enumerated grounds, so a dismissal on either of those bases, without more, cannot serve as a strike." *Id.* In any event, the four listed prior filings count as strikes, so that dismissal of this action is warranted under § 1915(g).

### IV. "Imminent Danger" Exception to § 1915(g)

As a result of Plaintiff's "three-striker" status, he is barred from proceeding *in forma pauperis* in this or any other federal court, pursuant to 28 U.S.C. § 1915(g), unless he can show that he was under imminent danger of serious physical injury at the time he filed this complaint.

Plaintiff acknowledges he is a three striker, but suggests that he is in imminent danger because he is not receiving Xanax and Seroquel, although he concedes he is receiving mental health treatment and medication, but claims this course of treatment and the new medications being provided do not alleviate his symptoms as they are not as efficacious as Xanax and Seroquel.. [ECF 1, pp. 2, 9-10, 13].

Plaintiff has not successfully pleaded that he was in imminent danger at the time of filing this lawsuit. *See O'Connor v. Suwannee Corr. Institution,* No. 15-12329, 649 F. App'x 802, 804-05 (11th Cir. May 9, 2016)(unpub.). Plaintiff concedes he has not experienced "a complete withdrawal of treatment," but rather disagrees with the course of treatment, which is insufficient to demonstrate imminent danger. *See O'Connor v. Suwannee Corr. Institution,* 649 F. App'x at 804 (quoting

*Brown v. Johnson,* 387 F. 3d 1344, 1350 (11th Cir. 2004))(past imminent danger and current treatment will not establish imminent danger). Plaintiff's allegations that he might suffer exacerbated panic attacks and suicidal ideations are speculative and not factually supported. *Id.* Further, he has not alleged or demonstrated a pattern of misconduct evidencing the likelihood of imminent serious physical or mental injury. *Id.*

     To invoke the exception to §1915(g), a plaintiff must allege and provide specific factual allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury; vague allegations of harm and unspecific references to injury are insufficient. *Niebla v. Walton Correctional Inst.*, 2006 WL 2051307, *2 (N.D.Fla. July 20, 2006)(*citing Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)(conclusory assertions insufficient to show imminent serious physical injury) and *White v. State of Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998)). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). No such showing has been made here. Since Plaintiff does not qualify under the imminent danger exception to §1915(g), dismissal of the instant civil rights action is, therefore, appropriate.

## V. Motion for Preliminary Injunction [ECF 4]

Plaintiff has filed a motion seeking preliminary injunctive relief, claiming he is entitled to be given Xanax and Seroquel instead of the medication he is currently receiving. [ECF 4, pp. 1-3]. He alleges the medications currently being prescribed to treat his post-traumatic stress disorder and his anxiety attacks, are not as efficient as Xanax and Seroquel. [*Id.,* p. 1]. He claims they do not provide the same relief and he continues to have suicidal ideations. [*Id.*]. He seeks a preliminary injunction requiring the independent examination by a mental health psychiatrist and the reinstatement of Xanax and Seroquel. [*Id.*].

A preliminary injunction is "an extraordinary and drastic remedy that should not be granted unless the movant clearly establishes the burden of persuasion." *Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000)(*en banc*). It is intended to maintain the *status quo* pending a resolution of the merits of the case. *Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011).

A party seeking preliminary injunctive relief must demonstrate the following four factors: 1) a substantial likelihood that he will prevail on the merits, 2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, 3) that the threatened injury to him outweighs the potential harm the injunction may do to the defendant, and 4) that the public interest will not be impaired if the injunction is granted. *Walker v. City of Calhoun, GA,* 901 F.3d 1245, 1257, n.5 (11th

Cir. 2018)(quoting *Wreal LLC v. Amazon. com, Inc.,* 840 F.3d 1244, 1247 (11th Cir. 2016)). Plaintiff must meet all four prerequisites in order to obtain injunctive relief. *Wreal, LLC v. Amazon.com, Inc.,* 840 F.3d at 1248.

At this stage of the proceedings, the plaintiff does not state a prima facie case for preliminary injunctive relief. The plaintiff does not seek to maintain the *status quo,* but rather seeks to change the course of his medical treatment and an order requiring the physicians to reinstate his prescription for Xanax and Seroquel. Where an inmate receives medical treatment, but desires different modes of treatment, the care provided does not amount to deliberate indifference. *See McLeod v. Sec'y, Fla. Dep't of Corr.,* No. 15-10851, 679 F. App'x 840, 842 (11th Cir. 2017)(unpub.)(citing *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)). As explained by the Eleventh Circuit, where, as here, the Plaintiff "receives medical treatment but desires different modes of treatment, the care provided does not amount to deliberate indifference." *See McLeod v. Sec'y, Fla. Dep't of Corr.,* 679 F. App'x at 843 (citing *Hamm v. DeKalb Cty.,* 774 F.2d 1567, 1575 (11th Cir. 1985)).

Plaintiff has not alleged or demonstrated that the failure to provide him with Xanax and Seroquel will result in imminent danger or harm. At best, he has alleged a difference in opinion regarding his course of treatment. Here, Plaintiff has not demonstrated a substantial likelihood of success on the merits of the allegations raised in this proceeding, nor has he demonstrated that irreparable injury will result

if the injunction is not entered. Consequently, the claim for injunctive relief should be dismissed for failure to state a claim upon which relief can be granted; and, his motion [ECF 4]) for preliminary injunctive relief DENIED.

## VI. Recommendations

Based upon the foregoing, it is recommended that:

(1) The complaint [DE 1] be **DISMISSED**, pursuant to 28 U.S.C. §1915(g) and *Dupree v. Palmer*, 284 F.3d 1234, 1237 (11th Cir. 2002);

(2) Plaintiff's Motion for Preliminary Injunction [ECF 4] be **DENIED;**

(3) Any pending motions not otherwise ruled upon be dismissed; and,

(4) This case CLOSED.

SIGNED this 8th day of August, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Steven A. McLeod, *Pro Se*
    DC#924820
    Dade Correctional Institution
    Inmate Mail/Parcels
    19000 S.W. 377th Street
    Florida City, FL  33034